# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellant**
**v.**
**Specialist RILEY C. ROSE**
**United States Army, Appellee**

ARMY 20130068

Headquarters, Fort Stewart
Tiernan P. Dolan, Military Judge
Lieutenant Colonel Francisco A. Vila, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain James S. Trieschmann, Jr., JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Daniel D. Derner, JA; Captain Rachael T. Brant, JA (on brief).

24 October 2014

--------------------------------
SUMMARY DISPOSITION
--------------------------------

LIND, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of aggravated sexual assault, wrongful sexual contact, and assault consummated by a battery in violation of Articles 120 and 128, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 920, 928 (2006 & Supp. IV 2011).  The convening authority approved the adjudged sentence of a bad-conduct discharge and thirty-six months confinement.

This case is before the court for review under Article 66, UCMJ.  Appellant assigns two errors and raises several matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  We hold appellant's assertions pursuant to *Grostefon* are without merit.  We agree with appellant that the evidence is factually insufficient to support his conviction for wrongful sexual contact.  *See United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).  The government did not prove beyond a reasonable doubt that appellant pressed his genitalia against the buttocks

of the alleged victim. As a result of the relief we will grant appellant, his second assignment of error is rendered moot.

We therefore set aside and dismiss Specification 3 of Charge I. The remaining findings of guilty are AFFIRMED.

Applying the factors in *United States v. Winckelmann*, we are confident we can reassess appellant's sentence. 73 M.J. 11, 15-16 (C.A.A.F. 2013). We note there is no dramatic change in the penalty landscape or exposure. *See id.* The military judge merged the offenses of wrongful sexual contact and assault consummated by a battery for sentencing, therefore appellant's maximum sentence to confinement is reduced from 31 years to 30 years and six months. *See Manual for Courts-Martial, United States* (2008 ed.), pt. IV, ¶¶ 45.f(2), (7), 54.e(2). The aggravating circumstances of the wrongful sexual contact offense remain admissible as aggravation evidence of the assault consummated by a battery. *See Winckelmann*, 73 M.J. at 16. The gravamen of appellant's offenses remains his aggravated sexual assault of the victim while she was substantially incapacitated. *See id.* Because appellant was tried by a judge alone, we are more confident of the sentence the military judge would have imposed for the remaining offenses. *See id.* Finally, this court reviews the records of a substantial number of courts-martial involving assaults and sexual offenses and we have extensive experience and familiarity with the level of sentences imposed for such offenses under various circumstances. *See id.*

Reassessing the sentence on the basis of the error noted, the entire record, and the principles of *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986), the sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Judge KRAUSS and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court